1

2

3

4

5

6                        **UNITED STATES DISTRICT COURT**

7                             **DISTRICT OF NEVADA**

8

9   ROBERT LEE KIMMELL,                  )
                                         )
10              Petitioner,              )        3: 10-cv-00099-LRH-VPC
                                         )
11  vs.                                  )
                                         )        **ORDER**
12  JAMES BENEDETTI, *et al.,*           )
                                         )
13              Respondents.             )
    ─────────────────────────────────────/

14

15          This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner,

16  a state prisoner, is proceeding *pro se*.  Before the Court are respondents' Motion to Dismiss the

17  Petition (ECF 8), petitioner's Opposition to the Motion to Dismiss and his Motion for Stay and

18  Abeyance (ECF Nos. 13 and 14).  The motions have been fully briefed.

19  **I.      Procedural Background**

20          Petitioner entered a guilty plea to a felony charge of burglary and he was sentenced to a term

21  of 40 to 120 months in prison to be served consecutive to a sentence imposed in an earlier matter.

22  Exhibit 6.[1]  A judgment of conviction was entered on February 4, 2005 (Exhibit 7) and petitioner did

23  not file a direct appeal.

24          On September 26, 2005, petitioner filed a pro per petition for writ of habeas corpus (post-

25  conviction) raising six grounds for relief as follows:

26              1.      Petitioner's conviction and sentence are invalid under the federal

27  ─────────────────────

28          [1] The exhibits referenced in this Order were submitted by respondents in support of their motion
    to dismiss and are found in the court's docket at ECF No. 9.

constitutional guarantees of due process and equal protection, due to malicious prosecution and insufficient evidence to sustain a burglary conviction, a violation of the 5th , 6th, and 14th Amendments.

2.   Petitioner's conviction and sentence are invalid under the federal constitutional guarantees of due process, equal protection, and a right to a public trial due to prosecutorial misconduct, a violation of the U.S. Constitutional Amendments 5, 6, and 14.

3.   Petitioner's conviction and sentence are invalid under the federal constitutional guarantees of due process, equal protection and a fair trial due to ineffective assistance of counsel, misconduct and denial of a preliminary hearing, a violation of the U.S. Constitutional Amendments 5, 6, and 14.

4.   Petitioner's conviction and sentence are invalid under the federal constitutional guarantees of due process, equal protection and a fair trial because guilty plea was not entered knowledgeably, intelligently or voluntarily without coercion and inducement of fear, a violation of U.S. Constitutional Amendments 5, 6, and 14.

5.   Petitioner's conviction and sentence are invalid under the federal constitutional guarantees of due process and equal protection due to an ambiguous and or unconstitutionally vague and overbreadth [sic] statute. A violation of the 5th and 14th U.S. Constitutional Amendments.

6.   Petitioner's conviction and sentence are invalid under the federal constitutional guarantees of due process, equal protection and cruel and unusual punishment due to disperate [sic] and extreme sentencing, a violation of the 5th, 8th, and 14th U.S. Constitutional Amendments.

Exhibit 10.

The state district court denied all grounds in the petition except ground 3, which was granted an evidentiary hearing "to determine if the Petitioner suffered ineffective assistance of counsel regarding only his desire to not waive his preliminary hearing and to file a direct appeal." Exhibit 15. Following the evidentiary hearing, the petition was denied as to ground 3 and petitioner filed a fast track appeal. Exhibits 19 and 20. The Nevada Supreme Court affirmed the lower court. Exhibit 30.

Petitioner submitted his federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 18, 2010, raising four grounds for relief which incorporate parts of his post-conviction petition (ECF No. 6). Respondents have now moved to dismiss the petition on several bases including failure to exhaust the claims in state court, procedural default and waiver. The various arguments are discussed below.

1  **II.     Discussion**

2       A.     Exhaustion

3       Respondents argue that petitioner has failed to exhaust any of the grounds for relief raised in

4  the federal petition.  Without addressing any specific claim, petitioner asserts that he has "fairly

5  presented the state courts with the substance of his claims"... despite that court's failure to address

6  the grounds.

7       A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

8  petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

9  exhaustion doctrine is based on comity to the state court and gives the state court the initial

10  opportunity to correct the state's alleged constitutional deprivations.  *Coleman v. Thompson*, 501

11  U.S. 722, 731 (1991);  *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158,

12  1163 (9th Cir. 1988).

13       A petitioner can satisfy the exhaustion requirement by providing the highest state court with

14  a full and fair opportunity to consider each claim before presenting it to the federal court.  *Picard v.*

15  *Connor*, 404 U.S. 270, 276  (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996).  A federal

16  court will find that the highest state court was given a full and fair opportunity to hear a claim if the

17  petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan v.*

18  *Henry*, 513 U.S. 364, 365 (1995) (legal basis); *Kenney v. Tamayo-Reyes*, 504 U.S. 1 (1992) (factual

19  basis). Additionally, the petitioner must have specifically told the state court that he was raising a

20  federal constitutional claim.  *Duncan*, 513 U.S. at 365-66; *Keating v. Hood*, 133 F.3d 1240, 1241 (9th

21  Cir.1998).  For example, if a petitioner wishes to claim that the trial court violated his due process

22  rights "he must say so, not only in federal court but in state court." *Duncan*, 513 U.S. at 366.  A

23  general appeal to a constitutional guarantee is  insufficient to present the "substance" of such a

24  federal claim to a state court.  *See*, *Anderson v. Harless*, 459 U.S. 4, 7 (1982) (Exhaustion

25  requirement not satisfied in circumstance where the "due process ramifications" of an argument

26  might be "self-evident."); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("a claim for relief in

27  habeas corpus must include reference to a specific federal constitutional guarantee, as well as a

28  statement of the facts which entitle the petitioner to relief.").

1        Ground One

2        In ground one, petitioner claims his rights under the Fifth, Sixth, and Fourteenth

3  Amendments were violated when the D.A., Judge Kosach, and Attorney Kevin Van Ry coerced,

4  threatened and bullied me into pleading guilty. This claim is identified as ground one (a) in this

5  Order.  Petitioner further seeks to incorporate grounds one and two of his state post-conviction

6  petition.  Those claims will be identified in this Order as ground one (b) and ground one (c)

7  respectively.

8        Respondents contend that the issues presented to the Nevada Supreme Court on appeal did

9  not include any part of ground one as a substantive claim, but rather the appeal was solely an

10  argument that the district court abused its discretion in denying an evidentiary hearing on his claims.

11

12        The Court does not agree that the claims presented for review by the Nevada Supreme Court

13  were so narrow as respondents suggest.  On appeal, petitioner identified his claims as follows:

14        1.   THE DISTRICT COURT ABUSED ITS DISCRETION IN DENYING
             THE PETITION FOR WRIT OF HABEAS CORPUS (POST-
15           CONVICTION) WITHOUT ALLOWING MR. KIMMELL AN
             EVIDENTIARY HEARING ON ALL ISSUES RAISED IN THE
16           PETITION, IN VIOLATION OF THE 5TH, 6TH AND 14TH
             AMENDMENTS.
17
             A. The Guilty Plea was not knowing, intelligent and voluntary due to
18           coercive actions of the State, the District Court and promises of counsel.

19           B. Abuse of discretion by the District Court.

20           C. Vindictive prosecution in violation of the 5th, 6th, and 14th
             Amendments.
21
        2.   COUNSEL WAS INEFFECTIVE FOR FAILING TO PRESERVE THE
22           APPELLATE RIGHTS OF APPELLANT.

23        3.   THE *LOZADA* REMEDY IS INADEQUATE AND
             UNCONSTITUTIONAL UNDER THE 5TH, 6TH, AND 14TH
24           AMENDMENTS.

25  Exhibit 27, p. 6.   The claims raised as ground one (a) and one (c) in the federal petition were

26  presented to the Nevada Supreme Court by way of appeal.  The issue that the guilty plea was

27  coerced (ground one (a)) and the contention that petitioner was threatened with vindictive

28  prosecution as a habitual criminal (ground one (c)), are clearly stated in the appellant's brief and

4

1  were presented as violations of the same federal constitutional amendments.  Ground one of the state

2  post-conviction petition (ground one (b) herein), however, is not exhausted, as there was no claim of

3  insufficient evidence to convict for burglary presented to the Nevada Supreme Court as a part of the

4  appeal.

5      Ground Two

6      In ground two of the federal petition, petitioner claims a violation of his rights under the

7  Fifth, Sixth, and Fourteenth Amendments where counsel signed the preliminary hearing waiver

8  against petitioner's wishes thereby depriving petitioner of his "constitutionally protected rights." He

9  further contends that the court had a conflict because of the judge's prior relationship with counsel.

10  The petition further incorporates grounds 3 and 4 of the state post-conviction petition.

11      This claim does not appear in the issues or arguments presented in the appeal brief presented

12  to the Nevada Supreme Court.  Neither is it discussed by that court in its order of affirmance.

13  Exhibit 30.  Ground two is not exhausted.

14      Ground Three

15      In this ground for relief, petitioner claims violation of his rights guaranteed by the Fifth,

16  Sixth, and Fourteenth Amendments on the basis of grounds five and six of his state post-conviction

17  petition.

18      Ground 5, identified by respondents for purposes of this motion as ground 3(a) of the federal

19  petition alleges that NRS 205.060, the Nevada burglary statute, is unconstitutional because it is

20  vague and overbroad.  This claim is unexhausted, as nothing in the appeal brief or the order of

21  affirmance entered by the Nevada Supreme Court addresses this contention.

22      Ground 6 of the state post-conviction petition claims a violation of the Fifth, Eight, and

23  Fourteenth Amendments because his sentence was disproportionate to his co-defendants.  This

24  claim, identified as three (b) by respondents, is also absent from the post-conviction appeal briefs

25  and order.  It is unexhausted for purposes of this petition.

26      The federal petition contains exhausted (grounds one (a) and one (c)) and unexhausted

27  (grounds one (b), two and three) grounds making it a mixed petition under the holding of *Rose v.*

28  *Lundy,* 455 U.S. 509, 510 (1982).  The federal court cannot entertain a mixed petition, *id.* at 520-

5

1  521, and as a result a number of options to address the mixed petition have developed.  Petitioners

2  have been invited to dismiss the unexhausted claims and proceed on those that are exhausted, *see*

3  *Rose v. Lundy*, 455 U.S. at 510; they have been invited to return to state court to exhaust after having

4  their federal petition dismissed without prejudice, *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002),

5  they have been invited to amend their petition to remove the unexhausted claims and seek a stay of

6  the federal petition while returning to state court to exhaust, *King v. Ryan*, 564 F.3d 1133 (9th Cir.

7  2009), and they have been invited to make a showing that there was good cause for their failure to

8  exhaust the claims, to demonstrate that the unexhausted claims are not clearly meritless and

9  petitioner has not engaged in any dilatory tactics in pursuit of his post-conviction review, *Rhines v.*

10  *Weber*, 544 U.S. 269 (2005).  Here, petitioner takes a preemptory strike and along with the

11  opposition to the motion to dismiss, he presents his argument for stay and abeyance (ECF No. 14).

12         Stay and Abeyance

13         Petitioner argues for a stay and abeyance of his petition to allow him to return to state court

14  arguing it was not his fault the claims remain unexhausted, but rather the fault of his counsel and the

15  Nevada Supreme Court.  He further argues in a conclusory fashion that the grounds are not meritless

16  and that he has not engaged in dilatory practices.

17         In *Rhines,* the United States Supreme Court considered the question of whether a district

18  court had the discretion to grant a stay and abeyance to a habeas corpus petitioner when he presented

19  unexhausted claims in a federal petition.  The Court concluded that "it likely would be an abuse of

20  discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good

21  cause for his failure to exhaust, his unexhausted claims are potentially meritorious, <u>and</u> there is no

22  indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines* 544 U.S. at

23  277-278 (emphasis added).

24        Unfortunately, the Supreme Court did not  provide a definition of what would constitute

25  good cause to excuse the petitioner's failure to exhaust a claim in the state courts before coming to

26  the federal court for review.  Respondents argue that the "good cause" standard applicable to a

27  *Rhines* analysis should be the same as that applied for equitable tolling of the statute of limitations,

28  e.g., that relief is warranted only in "extraordinary circumstances beyond a petitioner's control"

6

1    which made it impossible to exhaust the unexhausted claims. *See, Fail v. Hubbard*, 272 F.3d 1133

2    (9th Cir. 2001) and *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir. 1999).  Respondents do not offer

3    any reasoning for this position and they acknowledge that the Ninth Circuit Court of Appeals has

4    found the *Rhines* showing to require less that the extraordinary circumstances they argue. *See*

5    *Jackson v. Roe,* 425 F.3d 654 (9th Cir. 2005).

6            Here, petitioner offers nothing extraordinary which blocked exhaustion.  Petitioner cites

7    appointed counsel's failure as cause for his failure to exhaust the claims presented.  Post conviction

8    counsel "is the petitioner's agent when acting, or failing to act, in furtherance of the litigation."

9    *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).  Thus, any failure is attributed to petitioner and

10   cannot be considered something over which he had no control.

11           Neither does petitioner suggest ignorance of or confusion about the timeliness of a petition as

12   suggested in *Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005) .  Petitioner has failed to demonstrate

13   any good cause for his failure to exhaust the claims he presents in this federal petition.  Thus the

14   motion to stay the proceedings will be denied.

15           Because parts of ground one and all of grounds two and three are unexhausted and petitioner

16   has failed to make a showing under *Rhines* sufficient to warrant a stay and abeyance of the

17   proceedings, the mixed petition must be dismissed under *Rose v. Lundy,* 455 U.S. 509.

18           The Motion to Dismiss (ECF No. 8) shall be granted and the Motion for Stay and Abeyance

19   (ECF No. 14) shall be denied.

20           B.      Procedural Default and Waiver Arguments

21           Respondents' alternative arguments regarding procedural default of ground three (b) need

22   not be considered further, as a finding of failure to exhaust precludes procedural default.

23           Respondents also argue that ground two of the petition must be dismissed as waived by the

24   guilty plea under the holding of  *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  Failure to exhaust

25   does not foreclose this argument.  Ground two claims that petitioner's rights under the Fifth, Sixth,

26   and Fourteenth Amendments were violated by counsel's unauthorized signing of the preliminary

27   hearing waiver form, which deprived him of the opportunity to have the charges dismissed.

28           Under the waiver doctrine established in *Tollett v. Henderson, supra.*, "a guilty plea

7

1  represents a break in the chain of events which has preceded it in the criminal process." *Id.* at 267.

2  As in this case, where a criminal defendant has admitted in open court that he is guilty of the offense

3  with which he is charged, "he may not thereafter raise independent claims relating to the deprivation

4  of constitutional rights that occurred prior to the entry of the guilty plea." *Id.* Thus, when petitioner

5  entered his guilty plea, he waived his right to complain about the denial of a preliminary hearing.[2]

6  Ground two shall be dismissed with prejudice.

7  **III.    Conclusion**

8        Petitioner waived the claim presented in ground two of the petition when he entered his

9  guilty plea.  Ground two shall be dismissed with prejudice.   The remaining grounds of the petition

10  shall be dismissed without prejudice because it is improper for a federal court to review claims that

11  have not been fully exhausted in the state courts, such as ground one (b), grounds two and three.

12  **IV.    Certificate of Appealability**

13        Ordinarily, a dismissal without prejudice would not be subject to appellate review.  However,

14  ground two of the petition is being dismissed with prejudice.  Thus, an appeal may follow.  In order

15  to proceed with his appeal, petitioner must receive a certificate of appealability.  28 U.S.C. §

16  2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir.

17  2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a

18  petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a

19  certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84

20  (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's

21  assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).

22  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues

23  are debatable among jurists of reason; that a court could resolve the issues differently; or that the

24  questions are adequate to deserve encouragement to proceed further.  *Id.*

25        Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section

26  2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the

27

28        [2] Without making any finding for purposes of this petition, a review of the record persuades this
Court that the plea was entered knowingly and voluntarily.

8

order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed.  Rule 11(a).  This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard.  The Court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (ECF No. 8) is **GRANTED.** Ground two of the petition is **DISMISSED WITH PREJUDICE**.  Grounds one and three are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Motion for Stay and Abeyance (ECF No. 14) is **DENIED.**  No certificate of appealability shall issue.  The Clerk shall enter judgment accordingly.

DATED this 4th day of February, 2011.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

9