# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ROBERT LEE KIMMELL,

    Petitioner,

vs.

JAMES BENEDETTI, *et al.,*

    Respondents.

3:10-cv-00099-LRH-VPC

**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. On February 7, 2011, the court issued an order dismissing grounds one and three of the petition without prejudice and dismissing ground two with prejudice. (ECF No. 18.) The court entered judgment on February 8, 2011. (ECF No. 19.) Petitioner now moves the court for relief from judgment under Fed. R. Civ. P. 60(b). (ECF No. 20.)

**I. Relief under Rule 60(b)**

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Petitioner argues that the court erred when it determined that ground one(b), ground two, and ground three were unexhausted. According to petitioner, all three grounds were presented to the Nevada Supreme Court, and thus, are properly exhausted. Respondents contend that petitioner's motion constitutes an impermissible appeal and that its substance fails to justify relief under Fed. R. Civ. P. 60(b).

As an initial matter, the court agrees with respondents that petitioner's motion attempts to serve as a substitute for an appeal. A party may not use a Rule 60 motion to vacate a final judgment based upon legal error after the time for pursuing an appeal has expired. *See Plotkin v. Pacific Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982) ("Legal error does not by itself warrant the application of Rule 60(b). The correction of legal errors committed by the district courts is the function of the Court of Appeals, and can usually be remedied on appeal."). In this case, the court entered judgment on February 8, 2011. Fed. R. Civ. P. 4(a)(1)(A) provides, in relevant part, "[i]n a civil case . . . the notice of appeal required by Rule 3 shall be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Petitioner did not file a notice of appeal after the court entered judgment but filed his instant motion on March 21, 2011 – after the time for filing a notice of appeal had expired. Therefore, relief under Rule 60 based upon the contention that the court committed legal error is unavailable to petitioner.

In any event, after reviewing the merits of petitioner's argument, the court concludes that its prior ruling was not legally erroneous. In its dismissal order, the court found that grounds one(b), two and three of the petition are unexhausted because they were not presented to the Nevada Supreme Court on appeal. Petitioner, however, contends that grounds one(b), two, and three were presented to the Nevada Supreme Court when he appealed the denial of his state post-conviction petition because they were included in his fast track statement. Specifically, petitioner points to the fourth page of his fast track statement. The passage to which petitioner refers appears in the "Statement of [F]acts" section of his brief and describes certain events that occurred at petitioner's sentencing and arguments petitioner raised in his post-conviction petition filed with the district court. Grounds one(b), two, and three are not present in the "Issues on Appeal" section, nor are they substantively discussed in the "Argument" section of the brief presented to the Nevada Supreme Court. State remedies have not been exhausted unless the claim has been fairly presented to the state courts. *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). The fact that the state court does not explicitly rule on the merits of petitioner's claims is irrelevant, because exhaustion requires only that the state court be given the opportunity to consider the claims that have been presented. *Smith v. Digmon*, 434 U.S. 332, 333-334, 98 S.Ct. 257, 258 (1978); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985); *accord Carter v. Estelle*, 677 F.2d 427 (5th Cir. 1982) and *United States ex rel. Giesler v. Walters*, 510 F.2d 887, 892 (3d Cir. 1975). Here, petitioner did not fairly present grounds one(b), two or three to the Nevada Supreme Court. None of the grounds were substantively discussed in the argument or identified as issues on appeal. Merely referencing these grounds in the factual section of the brief does not amount to a fair presentation of the claim. Accordingly, the court's prior ruling that grounds one(b), two and three are unexhausted is correct.

**II.     Certificate of Appealability**

In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the motion for relief from judgment (ECF No. 20) is **DENIED.** No certificate of appealability shall issue.

DATED this 31st day of May, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE